IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAQUIN THATCHER, | : | |
|    Petitioner | : | |
| | : | No. 1:21-cv-1372 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN OF FPC-LEWISBURG, | : | |
|    Respondent | : | |

## MEMORANDUM

On August 6, 2021, *pro se* Petitioner Joaquin Thatcher ("Petitioner"), who is currently incarcerated at the Federal Prison Camp in Lewisburg, Pennsylvania ("FPC Lewisburg"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner seeks an Order directing the Bureau of Prisons ("BOP") to credit time spent in pretrial detention from February 2014 until January 8, 2016 to his federal sentence. (*Id.* at 7.) Petitioner paid the requisite filing fee on August 10, 2021. (Doc. No. 4.) Following an Order to show cause (Doc. No. 5), Respondent filed a suggestion of mootness and response, arguing that Petitioner's petition is now moot because the BOP has recently determined that Petitioner is entitled to jail credit from February 20, 2014 to January 7, 2016 and has updated his sentence computation accordingly (Doc. No. 7). Petitioner's § 2241 petition is, therefore, ripe for disposition.

I.    BACKGROUND

Petitioner is currently serving a 120-month term of imprisonment imposed by the United States District Court for the Southern District of New York for conspiracy to distribute and possession with intent to distribute crack cocaine. (Doc. No. 7-1 at 1.) "This sentence was imposed by the court on January 8, 2016, to run concurrent with any undischarged state sentences." (*Id.*)

In his § 2241 petition, Petitioner asserts that on October 3, 2013, he was arrested on state narcotics distribution charges and placed in the Westchester County Department of Corrections for pretrial detention. (Doc. No. 1 at 12.) Five (5) days later, the New York Parole Department lodged a detainer against him for violating the conditions of his parole "as a result of a previous narcotic distribution offense and conviction." (*Id.*) On November 6, 2013, the Southern District of New York issued a writ of habeas corpus *ad prosequendum* to have Petitioner produced to answer to the charges noted above. (*Id.* at 12-13.) These charges were based on the same conduct "which formed the basis of his October 3, 2013 arrest." (*Id.* at 13.)

On November 19, 2013, Petitioner was sanctioned at a parole revocation hearing to "time served, plus 90 days." (*Id.*) On February 6, 2014, the State of New York dismissed the narcotics related charges stemming from Petitioner's October 3, 2014 arrest, "due to the federal government's interdiction or involvement and complete take over of the case." (*Id.*) Petitioner avers that he completed his 90 days'

2

parole revocation sanction on February 19, 2014 and, at that point, was no longer in state custody because all of his "state concerns were resolved." (*Id.*) Petitioner avers that upon intake by the BOP, he learned that his sentence was not credited with all the time he spent in pretrial detention. (*Id.* at 14.) As relief, Petitioner requests that the Court order the BOP to credit him with the time spent in pretrial detention from February 2014 to January 8, 2016. (*Id.* at 18.) Petitioner avers that with this credit, he is entitled to immediate release. (*Id.*)

**II.   DISCUSSION**

The case or controversy requirement of Article III requires that parties continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Therefore, a case should be dismissed as moot where "developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief." *Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)).

Respondent maintains that Petitioner's § 2241 petition is moot because Petitioner has "received the credit for time served prior to his sentencing and his projected release date is being updated to April 1, 2022, via good conduct time." (Doc. No. 7 at 3.) A review of Petitioner's sentence computation had revealed that

the time from February 20, 2014 to January 7, 2016 had not been applied to any other sentence. (*Id.* at 1.) The exhibits attached to Respondent's response indicate that Petitioner has received jail credit from October 3, 2013 until January 7, 2016. (Doc. No. 7-1 at 5.) Petitioner, therefore, has received the relief he seeks,[1] and his § 2241 petition is moot because no legal injury remains for this Court to remedy. *See Rhines v. Fed. Bureau of Prisons*, No. 3:20-cv-809, 2020 WL 8513812, at *1-2 (M.D. Pa. Dec. 16, 2020).

### III. CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed as moot. An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: August 31, 2021

---

[1] As noted *supra*, Petitioner also seeks immediate release, but it is apparent from Respondent's exhibits that he is not entitled to such release even with the application of the prior custody credit.